**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 3:21-cr-03** |
| | § | |
| **RICHARD BLAKE HOWARD,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Richard Blake Howard ("Defendant"), and Defendant's counsel, Heather Hughes, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a

violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. With a conviction for Counts 1 and 3, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under both Counts 1 and 3, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston,

2

TX 77208, Attention: Finance.

5.   Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

(1)   $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2)   $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3)   $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

**Immigration Consequences**

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Waiver of Appeal and Collateral Review**

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

4

States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.    The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.    *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Count 1 and 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)    If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

11.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.    This plea.agreement binds only the United States

5

Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has

6

consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

7

**Factual Basis for Guilty Plea**

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1 and 3 of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses of receipt and possession of child pornography beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On December 10, 2018, Dropbox, Inc. made a report to The National Center for Missing and Exploited Children (NCMEC) concerning an account suspected of storing and/or transferring child pornography images/videos on their website. Prior to reporting to NCMEC, Dropbox viewed all the suspected images. The account in question was associated with the following customer information:

Email Address: rick5408@hotmail.com
Screen/User Name: John Smith
ESP User ID: 656585863

IP Address: 2601:2c4:c680:677:40cc:dae8:d733:297c (Login) 09-26-2018 15:21:46 UTC

The IP address, 2601:2c4:c680:677:40cc:dae8:d733:297c, was one managed by the internet service provider Comcast. A subpoena was issued to Comcast on October 16, 2018 to identify the service address for the customer assigned IP address 2601:2c4:c680:677:40cc:dae8:d733:297c at the time and date listed above. Comcast responded on October 17, 2018 with the following information, in part:

Service Address: 5407 HARBOR LIGHT DR
DICKINSON, TX 77539-6522

8

Upon receiving the cybertip from NCMEC, the Houston Metro Internet Crimes Against Children Task Force (HMICAC) reached out to SA Dewayne Lewis of Homeland Security Investigations a member of the task force who works out of Galveston and covers the surrounding area including Dickinsin, Texas.

SA Lewis learned that a Richard Blake Howard resided at that location.

SA Lewis reviewed several of the images which Dropbox viewed and found the following meet the federal definition of child pornography:

**partial title: 8c0474f3…mp4**: was a color video that depicted a topless Caucasian minor female, approximately 4-7 years old, lying on her back while an adult Caucasian male wearing light blue shorts inserted his erect penis into the minor's mouth, continued masturbating and ejaculated into the girl's mouth and on her chest for the camera's view.

**title 000001420 2 (1).wmv**: was a color video that depicted a nude Caucasian minor female, approximately 6-8 year old, lying prone on her back while an adult Caucasian male wearing a light blue shirt inserted his erect penis into the minor's anus for the camera's view.

**title: Video Jun 19, 6 32 59 AM.mp4** was a color video in a bedroom setting that depicted a Caucasian minor female approximately 10-11 years old in a bedroom setting wearing black socks next to a nude Caucasian adult male lying in front of the minor on the bed while he masturbated. The video continued as the adult male pressed his erect penis onto the minor's mouth as he ejaculated.

On February 5, 2019, SA Lewis obtained a search warrant for the above referenced Dropbox account.   On February 13, 2019, Dropbox responded to the request.   Based on the numerous images/videos found in the Dropbox account and the information about the subscriber, including the address associated with the IP address used, SA Lewis obtained a search warrant for the residence located at 5407 Harbor Lake Drive, Dickinson, Texas.   That search warrant was executed on March 19, 2019.

At the time the residential search warrant was executed numerous items were seized. The following were seized and submitted for further forensic analysis: Sandisk 16gb SD card,

9

Apple iPhone 5 model 1688, Coolpix L840 camera, and a Dell Latitude 3180 laptop computer. Two of the seized devices, the phone and laptop contained child pornography images/videos or indica that they were used to obtain child pornography images.

The Dell laptop computer contained numerous images and videos of child pornography. The forensic analysis showed there were files depicting what appeared to be child abuse material within the "Downloads" directory of a Windows user account "rhoward7", present within the Dell Latitude 3180 laptop. Some of these files reflected filenames highly indicative of their nature and content, such as, *"Various age girls with pedophiles.asf"*, and *"2007 - Leche (toddler girl getting licked good).asf"*. There were artifacts present on the Dell Latitude 3180 that indicated these files, (amongst others), were downloaded from *Mega.nz*, (a filesharing website), by the "rhoward7" account. There were further artifacts present, within the "rhoward7" account that reflected these files were viewed by the "rhoward7" account, and they remained on the active file system after viewing.   Howard received child pornography via the Internet a means and facility of interstate and foreign commerce.   The forensic analysis demonstrates that Howard received numerous child pornography image/videos from Mega on March 17, 2019.

On the date the residential search, Howard, after being *Mirandized* provided the following information:

He told investigators that two of his email addresses included rick5408.rh@gmail.com and rhoward7@com.edu and that the rick5408@hotmail was his old email address and had switched to gmail approximately five years ago. Howard stated that the electronics in the home that he used were his laptop from COM and, previously, his iPhone. Howard admitted that he knew what Dropbox was and described it as a file-sharing site. When asked if he had a Dropbox

10

account username, he said it might be "John Smith," but claimed he hadn't used it in about a year. When asked about the child porn contents in some of the Dropbox folders, Howard thought he might recognize the one labeled "B," but didn't know who sent him the links to those images. Howard said that he might have been chatting with people on different porn sites and asked for examples because he was "just curious." Howard also admitted that he thought he had one new (Dropbox) account that might have child porn in it, which he may have accessed as recently as a few weeks ago via his school laptop, but the last time he saw child porn was on his smartphone. When asked how many times links containing child porn had been sent to him, he replied, "dozens of times." Howard denied producing child porn photos but described taking covert photos of peoples' butts that he referred to as "candids," as the females walked around a store or something. When asked, Howard stated that his newest Dropbox account was associated with his gmail account. When asked about how the child porn images made him feel, he responded that at first, it was exciting. Howard claimed he was in chat rooms on Xhamster.com and strangers would send him links and dropbox links that contained child pornography. Howard acknowledged that those types of images were illegal.

Both the Apple iPhone and the Dell laptop were manufactured in China, thus they travelled in interstate and foreign commerce. The child pornography images/videos were received via the internet, a means and facility of interstate and foreign commerce.

**Breach of Plea Agreement**

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea

11

agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not

12

limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

13

Apple iPhone 5 model 1688; and a Dell Latitude 3180 laptop computer.

23.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25.    Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

27.    Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be

14

an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

28. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Galveston___ Texas, on ___February 16th___, 2022.

_____
Defendant

Subscribed and sworn to before me on ___2\16___, 2022.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
      Jennifer B. Lowery
      United States Attorney

By: _____
      Sherri L. Zack
      Assistant United States Attorney
      Southern District of Texas

_____
Heather Hughes
Attorney for Defendant

16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 3:21-cr-03** |
| | § | |
| **RICHARD BLAKE HOWARD,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

_2/16/22_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement

17

with my attorney.   I understand this agreement and I voluntarily agree to its terms.


_____    2/16/22
Defendant                          Date

18